NO. 07-01-0216-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 6, 2001

______________________________

HENRY JANSSEN,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO.  2000-472,139; HON. DRUE FARMER, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Henry Janssen (appellant) appeals from a judgment convicting him of a Class A misdemeanor assault.  Because appellant timely filed a motion for new trial, he had to file his notice of appeal within 90 days of the date sentence was imposed in open court.
 Tex. R. App. P. 26.1(
a
)(1).
  The judgment before us reflects that sentence was imposed on February 1, 2001, and a motion for new trial was filed February 27, 2001.  Thus, the notice of appeal was due on May 2, 2001.  However, it was not filed until May 16, 2001.  Furthermore, nothing of record indicates that appellant moved to extend the period within which to file his notice of appeal.  Consequently, the May 2nd deadline was not extended, and his notice was and is untimely.  

The notice being untimely, we have no jurisdiction over the appeal and must dismiss it.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  Accordingly, it is dismissed for want of jurisdiction.   

 

                                                Brian Quinn 

                                                     Justice 

 

 

Do not publish. HNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Lucio Roman Carrasco appeals a conviction for possession of a controlled substance with intent to deliver.  We dismiss for want of jurisdiction.

BACKGROUND

Appellant pled guilty to the charge of possession of a controlled substance with intent to deliver.  Sentence was imposed on December 1, 2003.  He did not file a motion for new trial.  Notice of appeal was filed on February 6, 2004.  

LAW

In a criminal case, appeal is perfected by timely filing a notice of appeal.  
Tex. R. App. P.
 25.2(b).  The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. 
TRAP
  26.2(a).  The time for filing a notice of appeal may be extended for 15 days under certain circumstances. 
TRAP
 26.3.  If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period.  TRAP 26.3;  
Olivo v. State
, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).  

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals.  
See
 
State v. Riewe
, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000).  Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); 
Olivo
, 918 S.W.2d at 523-25.

ANALYSIS AND CONCLUSION

Appellant’s notice of appeal was not timely filed.  A motion to extend time to file the notice of appeal was not filed.  Accordingly, this court does not have jurisdiction over the appeal.  
Slaton
, 981 S.W.2d at 210; 
Olivo
, 918 S.W.2d at 523.  

The appeal is dismissed for want of jurisdiction.  
Tex. R. App. P
. 39.8, 40.2, 43.2. 

Phil Johnson

Chief Justice

Do not publish.